FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 22, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JOHN STOCKTON, RICHARD
EGGLESTON, M.D., THOMAS T.
SILER, M.D., DANIEL
MOYNIHAN, M.D., CHILDREN'S
HEALTH DEFENSE, a not-
for-profit corporation, and JOHN
AND JANE DOES, M.D.s 1-50,

                        Plaintiffs,

        v.

ROBERT FERGUSON, in his official
capacity as Attorney General of the
State of Washington, and KYLE S.
KARINEN, in his official capacity as
Executive Director of the Washington
Medical Commission,

                        Defendants.

NO. 2:24-CV-0071-TOR

ORDER GRANTING MOTION TO
DISMISS AND DENYING
PRELIMINARY INJUNCTION

        BEFORE THE COURT are Plaintiffs' Motion for Preliminary Injunction

(ECF No. 15) and Defendants' Motion to Dismiss (ECF No. 17). Plaintiffs request

oral argument. ECF No. 23. Pursuant to LCivR 7(i)(3)(B)(iii), the Court

ORDER GRANTING MOTION TO DISMISS ~ 1

1    determines oral argument is unwarranted.  The Court has reviewed the record and

2    files herein, the completed briefing, and is fully informed.  For the reasons

3    discussed below, Plaintiffs' Motion for Preliminary Injunction, ECF No. 15, is

4    DENIED and Defendants' Motion to Dismiss, ECF No. 17, is GRANTED.

5                                            **BACKGROUND**

6            This case arises out of Plaintiffs' challenge to the Washington Medical

7    Commission's ("the Commission") investigations of two licensed medical

8    professionals who published false information about the SARS-CoV-2 virus

9    ("COVID-19") in print news media and online.  Plaintiffs filed the operable First

10   Amended Complaint ("FAC") on April 9, 2024.  ECF No. 14.  The FAC raises

11   four causes of action requesting: (1) declaratory judgment that Defendants' future

12   investigations, prosecutions, and sanctions violates Plaintiffs' First Amendment

13   Rights; (2) declaratory judgment that Defendants' current investigations,

14   prosecutions, and sanctions violates Plaintiffs' First Amendment Rights; (3)

15   declaratory judgment that RCW 18.130.180(1) and (13) are facially

16   unconstitutional and unconstitutionally overbroad and/or vague; and (4)

17   declaratory judgment that the Commission's interpretation of its laws violates

18   Plaintiffs Eggleston, Siler and Moynihan's Fifth and Fourteenth Amendment Due

19   Process rights.  *Id.*

20

Plaintiff John Stockton is actively involved in matters of public interest and co-hosts a podcast dealing with various topics including COVID-19. He is not a doctor nor subject to the regulations or procedures of the Commission. He contends that he has a right to hear licensed physicians who disagree with the "mainstream COVID narrative." ECF No. 14 at 5-6, ¶¶ 9-10; *see also* ECF No. 15-1.

Plaintiff Richard Eggleston is a retired ophthalmologist and is currently the subject of an administrative proceeding by the Commission. That proceeding has not been finalized. ECF No. 14 at 6, ¶¶ 11-12; *see also* ECF No. 15-2.

Plaintiff Thomas T. Siler is a retired physician who is currently the subject of an administrative proceeding by the Commission. That proceeding has not been finalized. ECF No. 14 at 6, ¶ 13; *see also* ECF No. 15-3.

Plaintiff Daniel Moynihan is a retired family medicine physician who is not subject of any administrative proceeding but complains that his speech is chilled by the Commission's actions and that he would like to hear from other physicians speaking out against the mainstream COVID narrative. ECF No. 14 at 6-7, ¶ 14; ECF No. 15-4.

Plaintiffs' counsel does not know who John and Jane Does 1-50 are and therefore does not represent them. Plaintiffs' counsel alleges that the Doe Plaintiffs are licensed Washington physicians currently subject to the

Commission's investigations and prosecutions.  ECF No. 14 at 7, ¶ 15.

Plaintiff Children's Health Defense ("CHD") is a non-profit corporation whose mission is to end childhood health epidemics.  Its mission includes advocating for medical freedom, bodily autonomy, and an individual's right to receive the best information available based on a physician's best judgment.  *Id.* at 7-9, ¶¶ 16-24.  CHD asserts that its physician members are chilled from speaking out about the risk profile of the COVID vaccines and that its lay members have a right to receive such nonconforming opinions.  *Id.* at 8, ¶ 19; *see also* ECF Nos. 15-5.

Defendant Robert Ferguson is the Washington State Attorney General.  His office and staff represent the Commission in its prosecution of physicians in disciplinary cases.  *Id.* at 10, ¶¶ 25-26.

Defendant Kyle S. Karinen is the Commission's Executive Director and oversees the investigations and prosecutions of physicians for misconduct.  *Id.* at ¶ 28.

The Commission regulates physicians to assure accountability and public confidence in the practice of medicine.  ECF No. 17 at 5.  It investigates "all complaints or reports of unprofessional conduct" against licensed physicians.  RCW 18.130.050(2).  This includes, as relevant here, complaints alleging "moral turpitude, dishonesty, or corruption relating to the practice of" medicine, and

"[m]isrepresentation or fraud in any aspect of" the practice of medicine.  RCW 18.130.180(1), (13).

The Commission's response to complaints received about licensed physicians is guided by the Uniform Disciplinary Act (UDA), RCW 18.130 *et seq.* Under the UDA, each complaint received by the Commission is reviewed by a panel of three commissioners.  ECF No. 18 at 3, ¶ 8.  The panel determines whether to initiate an investigation or close the complaint.  *Id.*  If an investigation is authorized, the complaint will be assigned to an investigator, who undertakes discovery and prepares an objective report.  *Id.* at ¶¶ 9-10.  The objective report is forwarded to a reviewing commissioner and a panel of at least three commissioners.  *Id.* at ¶ 10.  The panel may elect to (1) close the case, (2) investigate further, (3) offer a stipulation to informal disposition, or (4) issue a Statement of Charges.  *Id.*  If the panel decides to issue a Statement of Charges, then an Assistant Attorney General will review the file and sign off on the Charges before service is made on the respondent physician.  *Id.* at 4, ¶ 12.  Service of the Statement of Charges formally commences the administrative adjudicative process. *Id.* at ¶ 13.  When a respondent timely requests a hearing to contest the charges issued against him, a formal hearing is held in front of a panel of three commissioners with a health law judge acting as the presiding officer.  *Id.* at ¶ 14. Both sides are entitled to present opening and closing statements, evidence, and

witnesses.  *Id.* at ¶ 15.  At the termination of the adjudicative proceeding, the panel determines whether to take disciplinary action against the respondent and issues a written order.  *Id.* at 5, ¶ 16.  A respondent who disagrees with the panel's final disposition of his case may seek reconsideration from the panel or direct judicial review in a Washington state superior court or court of appeals.  *Id.* at ¶ 17.

The Commission issued a Statement of Charges against Dr. Eggleston on August 3, 2022 concerning newspaper articles he wrote about COVID-19.  ECF No. 17 at 7.  Dr. Eggleston's articles minimized deaths from the SARS-CoV-2 virus, incorrectly asserted that PCR tests for a COVID diagnosis are inaccurate, and falsely stated that COVID-19 vaccines and mRNA vaccines are harmful or ineffective and that ivermectin is a safe and effective treatment for COVID-19.  *See, e.g.*, ECF No. 20-2 at 4-21.  A full and final hearing by the Commission has not been conducted at this time and no penalties have been imposed.  ECF No. 18 at 5-6, ¶ 19.

The Commission issued a Statement of Charges against Dr. Siler on October 25, 2023, after it received complaints about Internet blog posts by Dr. Siler.  Dr. Siler wrote false statements about the risks of contracting COVID-19, the effectiveness of hydroxychloroquine and ivermectin as treatments for COVID-19, the transmissibility of COVID-19 from children, and the safety of COVID-19 vaccines.  *See, e.g.*, ECF No. 20-2 at 42-61.  A full and final hearing has not been

conducted at this time and no penalties have been imposed.  ECF No. 18 at 5-6, ¶ 19.

## DISCUSSION

Plaintiffs move for a preliminary injunction.  ECF No. 15.  Defendants oppose Plaintiff's motion and move to dismiss.  ECF No. 17.  The Court grants the motion to dismiss because Plaintiff's claims are unripe, the *Younger* doctrine requires abstention, Plaintiffs have not stated a plausible as-applied First Amendment challenge, and Plaintiffs' First Amendment and Due Process challenges are without merit.  The Court declines to award attorneys' fees.

## I.    Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  A Rule 12(b)(6) motion will be denied if the plaintiff alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  While the plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff," the plaintiff cannot rely on "conclusory allegations of law and unwarranted inferences . . . to defeat a motion to dismiss for failure to state a claim."  *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted).  That is,

the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555.

When deciding a motion to dismiss, the Court's review is limited to the complaint, documents incorporated into the complaint by reference, and matters subject to judicial notice. *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

**A. Ripeness**

Ripeness is a justiciability doctrine designed "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 807–08 (2003) (citations omitted). The ripeness doctrine is "drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction[.]" *Id*. at 808 (citation omitted); *see also Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) ("[T]he ripeness inquiry contains both a constitutional and a prudential component.") (internal quotations and citations omitted).

The constitutional aspect of ripeness collapses with the injury-in-fact prong of standing. *Id.* "Whether framed as an issue of standing or ripeness, an injury[-

in-fact] must involve 'an invasion of a legally protected interest that is (a) concrete

and particularized, and (b) actual or imminent, not conjectural or hypothetical.'"

*Twitter, Inc. v. Paxton*, 56 F.4th 1170, 1173 (9th Cir. 2022) (quoting *Lujan v. Defs.*

*of Wildlife*, 504 U.S. 555, 560 (1992)).

By contrast, prudential ripeness requires courts to evaluate "the fitness of the

issues for judicial decision and the hardship to the parties of withholding court

consideration." *Wolfson v. Brammer*, 616 F.3d 1045, 1060 (9th Cir. 2010)

(quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967)).  "A claim is fit for

decision if the issues raised are primarily legal, do not require further factual

development, and the challenged action is final." *Id.* (internal quotations and

citations omitted).

Plaintiffs' claims are constitutionally unripe because they fail to allege a

cognizable injury with concreteness and particularity.  Plaintiffs Eggleston, Siler,

and the unknown Doe physicians have not been sanctioned for their speech by the

Commission. *See Twitter*, 56 F.4th at 1173-74 (although the requirements of

ripeness are applied "less stringently in the context of First Amendment claims," a

plaintiff may not "nakedly assert[ ] that his or her speech was chilled") (internal

quotations and citations omitted).  While Plaintiffs allege that the Commission's

actions have a chilling effect, Plaintiffs have in fact continued to press their

narratives about COVID-19 while Commission proceedings have been ongoing.

*See* ECF No. 17 at 13 (describing how Dr. Eggleston continued to publish false claims about COVID after the filing of the Statement of Charges against him). This tends to cut against any argument that the Commission's investigations have actually chilled Plaintiffs' speech. Plaintiffs' argument that the Commission's investigations or imposition of sanctions might chill their speech in the future is likewise impermissibly speculative.

Plaintiffs Stockton, Moynihan, and CHD's and its members' claims are also based on speculation and conjecture. The remaining Plaintiffs claim they are injured by the alleged chill of licensed physicians presenting an alternative narrative about COVID. But Plaintiffs have not shown that they are impeded from otherwise accessing this information, or that Drs. Eggleston and Siler's speech has been or will likely be chilled by the Commission's actions.

Plaintiffs' claims are also prudentially unripe. Plaintiffs seek to enjoin non-final agency actions that are contingent upon future factual developments, and Plaintiffs have not otherwise established that hardship would result from the Court declining to exercise jurisdiction as those proceedings are ongoing. In evaluating a claim of hardship, a court must consider whether abstaining from reviewing would "require[ ] an immediate and significant change in plaintiffs' conduct of their affairs." *Wolfson*, 616 F.3d at 1060 (internal quotations and citations omitted). Plaintiffs have not established that their conduct has changed in the interim of

1    Commission proceedings or that their behavior is likely to change otherwise.

2    Accordingly, Plaintiffs' claims are nonjusticiable.

3    **B. *Younger* Abstention**

4    The *Younger* abstention doctrine also requires this Court to abstain from

5    considering Plaintiffs' claims.  Under *Younger*, a court may not hear claims for

6    equitable relief while state proceedings are pending.  *Younger v. Harris*, 401 U.S.

7    37, 41 (1971).  In the Ninth Circuit, *Younger* requires federal courts to abstain from

8    hearing claims for equitable relief when:

9        (1) [T]here is an ongoing state judicial proceeding; (2) the proceeding
         implicates important state interests; (3) there is an adequate opportunity
10       in the state proceedings to raise [federal] constitutional challenges; and
         (4) the requested relief seeks to enjoin or has the practical effect of
11       enjoining the ongoing state judicial proceedings.

12   *Page v. King*, 932 F.3d 898, 901-02 (9th Cir. 2019) (citation omitted).  Further,

13   "even if *Younger* abstention is appropriate, federal courts do not invoke it if there

14   is a 'showing of bad faith, harassment, or some other extraordinary circumstance

15   that would make abstention inappropriate.'"  *Id.* (citation omitted).  Additionally,

16   there is a recognized "irreparable harm" exception to *Younger*, under which courts

17   may refrain from abstention in "extraordinary circumstances where the danger of

18   irreparable loss is both great and immediate."  *World Famous Drinking Emporium,*

19   *Inc. v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir. 1987).

20   Plaintiffs' arguments that the threshold *Younger* elements are not met in this

case contravene caselaw directly on point.  *See Alsager v. Bd. of Osteopathic Med. & Surgery*, 945 F. Supp. 2d 1190 (W.D. Wash. 2013), *aff'd,* 573 F. App'x 619 (9th Cir. 2014); *see also Amanatullah v. Colorado Bd. of Med. Examiners*, 187 F.3d 1160 (10th Cir. 1999).  As those cases make plain, active state medical board investigations and hearings are ongoing state judicial proceedings; the regulation of medical practice is an important state issue; and federal constitutional challenges to medical board determinations may be raised on appeal in state court.  *Alsager*, 945 F. Supp. 2d at 1195–96.

All *Younger* elements are met here.  Medical disciplinary board hearings constitute state proceedings, and since none of the Plaintiffs have completed the hearing process, the proceedings are ongoing; medical board disciplinary proceedings clearly implicate an important state interest in ensuring adequate healthcare; and Washington law provides Plaintiffs with an opportunity to raise federal constitutional challenges on appeal to Washington state courts.  *See* RCW 18.130.140.  Additionally, a hearing on the merits of Plaintiffs' claims would enjoin the ongoing state proceedings, which would violate the Ninth Circuit's implied fourth element to the abstention doctrine.  *AmerisourceBergen Corp. v. Roden,* 495 F.3d 1143, 1148–49 (9th Cir. 2007) (citation omitted).

Plaintiffs' claims to the *Younger* irreparable harm exception are also without merit.  The Ninth Circuit has applied the exception only where a person's physical

liberty will not be vindicated after trial. *See Bean v. Matteucci*, 986 F.3d 1128, 1133–34 (9th Cir. 2021). Plaintiffs' claims of harm are insufficient to establish the extraordinary circumstances required to apply the exception.

Moreover, this Court has already ruled that Dr. Eggleston's effort to terminate the Commission's investigation of him was precluded by the *Younger* abstention doctrine. *Wilkinson v. Rodgers*, 1:23-CV-3035-TOR, 2023 WL 4410936 (E.D. Wash. July 7, 2023). Thus, Dr. Eggleston is collaterally estopped from arguing otherwise in this proceeding.

Consequently, this Court would be required to abstain from exercising jurisdiction.

**C. Failure to State Plausible Claim**

Plaintiffs have also failed to state a plausible as-applied First Amendment claim based on the Commission's investigations into any physicians. The Commission's investigations regulate professional conduct, with only an incidental impact on speech. Although Plaintiffs' challenges to the investigations arise out of the COVID-19 pandemic, it is within the State's long-recognized authority to regulate medical professionals, and that authority does not run afoul of the First Amendment. Critically, "States may regulate professional conduct, even though that conduct incidentally involves speech." *Tingley v. Ferguson*, 47 F.4th 1055, 1074-75 (9th Cir. 2022) (citation omitted).

1    While the Commission's investigations and prosecutions are ongoing, there

2    is nothing for this Court to review.  The Commission's investigations are narrowly

3    tailored to achieve the compelling government interest in regulating medical

4    professionals and protecting the public health.  Thus, Plaintiffs have failed to state

5    a plausible claim.

6    **D. First Amendment Challenges**

7    Even if the ripeness and abstention doctrines did not create a barrier to

8    judicial review and Plaintiffs had presented a plausible as-applied First

9    Amendment challenge, this Court still could not grant them relief on their First

10   Amendment claims.

11   As discussed above, the Commission may fully regulate professional

12   conduct of physicians licensed to practice in this state.  States may regulate

13   professional conduct, even though that conduct incidentally involves speech.

14   T*ingley v. Ferguson*, 47 F.4th 1055, 1074 (9th Cir. 2022).  "[C]onduct may

15   indicate unfitness to practice medicine if it raises reasonable concerns that the

16   individual may abuse the status of being a physician in such a way as to harm

17   members of the public, or if it lowers the standing of the medical profession in the

18   public's eyes."  *Haley v. Med. Disciplinary Bd.*, 117 Wash. 2d 720, 733 (1991).

19   The Commission's regulation of medical professionals does not violate the First

20   Amendment.  Accordingly, Plaintiffs' First Amendment facial challenges or as-

applied challenges to the Commission's authority must fail.

As discussed in the preceding sections, the other Plaintiffs who are not subject to the Commission have also failed to articulate a First Amendment violation. The State has not prevented them from hearing what they want to hear. As such, Plaintiffs' First Amendment claims must be dismissed.

### E. Due Process Challenges Fail

Plaintiffs contend that it violates their procedural and substantive due process rights that: (1) they cannot raise a constitutional challenge to the Washington Medical Commission's disciplinary rules until a state court reviews the proceedings; and (2) state courts have declined to enjoin their ongoing disciplinary proceedings. ECF No. 14 at ¶¶ 20-22, 62–71.

Numerous cases hold that "judicial review of state agency decisions provides a sufficient opportunity to raise federal claims, even when the state agency may not consider those claims in the first instance." *See e.g., Alsager v. Bd. of Osteopathic Med. & Surgery*, 573 Fed. App. 619, 620–21 (9th Cir. 2014). Plaintiffs have failed to show any due process violation. Plaintiffs' citation to certain cases are inapposite and do not apply to the issue before the Court. Plaintiffs' due process challenges therefore fail and must be dismissed.

### F. Not Entitled to Preliminary Injunction

To prevail on their motion for a preliminary injunction, Plaintiffs must

1    demonstrate (1) a likelihood of success on the merits, (2) a likelihood of

2    irreparable injury if the injunction does not issue, (3) that a balancing of the

3    hardships weighs in their favor; and (4) that a preliminary injunction will advance

4    the public interest.  *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008)

5    (citation omitted).

6         Plaintiffs have failed to satisfy the four prerequisites for a preliminary

7    injunction, even if this Court had jurisdiction to proceed.  The request for an

8    injunction is therefore denied.

9    **II.    Amendment**

10        Federal Rule of Civil Procedure 15(a) provides that "a party may amend its

11   pleading only with the opposing party's written consent or the court's leave,"

12   which "[t]he court should freely give . . . when justice so requires."  Fed. R. Civ. P.

13   15(a)(2).  The Ninth Circuit has directed that this policy be applied with "extreme

14   liberality."  *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1051 (9th Cir.

15   2003) (citation omitted).  In ruling upon a motion for leave to amend, a court must

16   consider whether the moving party acted in bad faith or unduly delayed in seeking

17   amendment, whether the opposing party would be prejudiced, whether an

18   amendment would be futile, and whether the movant previously amended the

19   pleading.  *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).

20   "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there

exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011) (citation omitted) (emphasis in original).

Here, Plaintiffs' FAC fails to address any of the deficiencies identified by the Court. Additionally, further amendment would be futile given the stage of the underlying administrative proceedings. Therefore, Plaintiffs are not granted leave to amend, and the FAC must be dismissed with prejudice.

### III.   Attorneys' Fees

Defendants seek attorneys' fees under 42 U.S.C. § 1988(b). Under that statute, the court, in its discretion, may allow the prevailing party reasonable attorney's fee as part of the costs. But attorneys' fees should only be awarded to a prevailing defendant when the court finds that the plaintiffs' action "was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). Here, the Court finds this lawsuit is unwarranted given the stage of the administrative proceedings, but does not find it frivolous, unreasonable, or without foundation.

Accordingly, attorneys' fees are denied.

//

//

//

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.  Plaintiffs' Motion for Preliminary Injunction, ECF No. 15, is **DENIED**.

    Plaintiffs' First Amended Complaint is dismissed with prejudice.

2.  Defendants' Motion to Dismiss, ECF No. 17, is **GRANTED**.

The District Court Executive is directed to enter this Order, enter Judgment in favor of Defendants, furnish copies to counsel, and **CLOSE** the file.

DATED May 22, 2024.



                    THOMAS O. RICE
                United States District Judge